IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO. 2010CA 21350

SIMON HETHERINGTON, KERRY SEPULVEDA,
LIZA THOMPSON, JAMIE L. ALVAREZ,
VERONICA GARDNER, and AARON SCHUTZ,

    Plaintiffs,

vs.

DAWN'S DREAMS OF WELLNESS COMPANY, INC.,
a Florida Corporation and DAWN LEWIS,
individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, SIMON HETHERINGTON, (hereinafter, "HETHERINGTON"), KERRY SEPULVEDA, (hereinafter, "SEPULVEDA"), LIZA THOMPSON (hereinafter, "THOMPSON"), JAMIE L. ALVAREZ (hereinafter, "ALVAREZ), VERONICA GARDNER, (hereinafter "GARDNER"), and AARON SCHUTZ, (hereinafter "SCHUTZ"), by and through undersigned counsel, hereby sue Defendants, DAWN'S DREAMS OF WELLNESS COMPANY, INC., (hereinafter "DREAMS OF WELLNESS"), a Florida corporation, and DAWN LEWIS, individually.

### JURISDICTION AND VENUE

1. This action is instituted pursuant to the Fair Labor Standards Act ("FLSA") for failure to pay the federal minimum wage, as well as under Florida common law for unpaid wages.

2. Subject matter jurisdiction exists with this court pursuant to 29 U.S.C. § 216(b).

3. Venue is proper in this court, because all or a substantial part of the events giving rise

to the claim, including the unlawful employment practices, occurred in Orange County, Florida.

## PARTIES

4. Plaintiffs are individuals who at all times material to this Complaint were residing in Florida.

5. At all times material to this Complaint, Defendant, DREAMS OF WELLNESS, was and is a Florida for-profit corporation authorized to do business in the State of Florida with its principal place of business located at 1389 Lattimore Dr., Clermont, FL, 34711.

6. Defendant, DREAMS OF WELLNESS, qualifies as an employer under the FLSA, as defined by 29 USC § 203(d).

7. Defendant, DAWN LEWIS, at all times material hereto, as President of DREAMS OF WELLNESS, acted directly or indirectly in the interest of DREAMS OF WELLNESS as to Plaintiffs' employment and was substantially in control of the terms and conditions of the Plaintiffs' work. Therefore, DAWN LEWIS meets the statutory definition of "employer" pursuant to the FLSA, 29 U.S.C. § 203 (d).

## COUNT I - VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA ON BEHALF OF PLAINTIFF HETHERINGTON

8. Plaintiff hereby realleges and reincorporates paragraphs 1 through 7 as if fully set forth herein.

9. HETHERINGTON was an employee of DREAMS OF WELLNESS from April of 2008 until July of 2009.

10. Defendants failed to pay HETHERINGTON any wages for hourly work during the entire span of his employment.

11. In so doing, Defendants willfully violated the Fair Labor Standards Act by failing to compensate HETHERINGTON at a rate equal to the minimum wage for work performed while employed by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants, DREAMS OF WELLNESS and DAWN LEWIS, for unpaid minimum wages, an equal amount found to be due and owing as liquidated damages plus attorney's fees and costs of bringing this action.

## COUNT II - VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA ON BEHALF OF PLAINTIFF SEPULVEDA

12. Plaintiff hereby realleges and reincorporates paragraphs 1 through 7 as if fully set forth herein.

13. SEPULVEDA was an employee of DREAMS OF WELLNESS from October of 2008 until April of 2009.

14. Defendants failed to pay SEPULVEDA any wages for hourly work during the entire span of his employment.

15. In so doing, Defendants willfully violated the Fair Labor Standards Act by failing to compensate SEPULVEDA at a rate equal to the minimum wage for work performed while employed by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants, DREAMS OF WELLNESS and DAWN LEWIS, for unpaid minimum wages, an equal amount found to be due and owing as liquidated damages, plus attorney's fees and costs of bringing this action.

## COUNT III - VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA ON

BEHALF OF PLAINTIFF THOMPSON

16. Plaintiff hereby realleges and reincorporates paragraphs 1 through 7 as if fully set forth herein.

17. THOMPSON was an employee of DREAMS OF WELLNESS from April of 2009 until July 2009.

18. Defendants failed to pay THOMPSON any wages for hourly work during the entire span of her employment.

19. In so doing, Defendants willfully violated the Fair Labor Standards Act by failing to compensate THOMPSON at a rate equal to the minimum wage for work performed while employed by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants, DREAMS OF WELLNESS and DAWN LEWIS, for unpaid minimum wages, an equal amount found to be due and owing as liquidated damages, plus attorney's fees and costs of bringing this action.

## COUNT IV - VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA ON BEHALF OF PLAINTIFF ALVAREZ

20. Plaintiff hereby realleges and reincorporates paragraphs 1 through 7 as if fully set forth herein.

21. ALVAREZ was an employee of DREAMS OF WELLNESS from May of 2009 until July of 2009.

22. Defendants failed to pay ALVAREZ any wages for hourly work during the entire span of employment.

23.     In so doing, Defendants willfully violated the Fair Labor Standards Act by failing to compensate ALVAREZ at a rate equal to the minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants, DREAMS OF WELLNESS and DAWN LEWIS, for unpaid minimum wages, an equal amount found to be due and owing as liquidated damages, plus attorney's fees and costs of bringing this action.

## COUNT V - VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA ON BEHALF OF PLAINTIFF GARDNER

24.     Plaintiff hereby realleges and reincorporates paragraphs 1 through 7 as if fully set forth herein.

25.     GARDNER was an employee of DREAMS OF WELLNESS from October of 2007 until July of 2009.

26.     Defendants failed to pay GARDNER any wages for hourly work during the entire span of her employment.

27.     In so doing, Defendants willfully violated the Fair Labor Standards Act by failing to compensate GARDNER at a rate equal to the minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants, DREAMS OF WELLNESS and DAWN LEWIS, for unpaid minimum wages, an equal amount found to be due and owing as liquidated damages, plus attorney's fees and costs of bringing this action.

## COUNT VI - VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA ON

## COUNT X - UNPAID WAGES ON BEHALF OF PLAINTIFF ALVAREZ

53. Plaintiff hereby realleges and reincorporates paragraphs 1 through 5 as if fully set forth herein.

54. Plaintiff began working for Defendants in May, 2009, in the position of masseuse.

55. At all times material hereto and throughout the employment, Plaintiff performed his duties and tasks satisfactorily.

56. An employee is entitled to earned wages for all hours worked during employment.

57. However, Defendants failed to pay Plaintiff for services rendered.

58. As a direct and proximate cause of Defendants' failure to pay Plaintiff earned wages, Plaintiff has been damaged.

59. Plaintiff will be proffering evidence that Defendants' conduct is willful and rises to the level that punitive damages can be awarded. As such, Plaintiff will be seeking an amendment to include punitive damages as appropriate.

WHEREFORE, Plaintiff demands judgment against the Defendants, DREAMS OF WELLNESS and DAWN LEWIS, for unpaid wages, plus all prejudgment interest authorized by law, attorneys' fees pursuant to Fla. Stat. § 448.08, the costs of bringing this action, and any and all other relief this Court deems just and proper.

## COUNT XI - UNPAID WAGES ON BEHALF OF PLAINTIFF GARDNER

60. Plaintiff hereby realleges and reincorporates paragraphs 1 through 5 as if fully set forth herein.

61. Plaintiff began working for Defendants in October, 2007, in the position of masseuse.

62. At all times material hereto and throughout the employment, Plaintiff performed his

73. Plaintiff will be proffering evidence that Defendants' conduct is willful and rises to the level that punitive damages can be awarded. As such, Plaintiff will be seeking an amendment to include punitive damages as appropriate.

WHEREFORE, Plaintiff demands judgment against the Defendants, DREAMS OF WELLNESS and DAWN LEWIS, for unpaid wages, plus all prejudgment interest authorized by law, attorneys' fees pursuant to Fla. Stat. § 448.08, the costs of bringing this action, and any and all other relief this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiffs request trial by jury on all issues in this action so triable.

DATED: January 25, 2010.

*/s/ Michael M. Brownlee*
RICHARD W. SMITH, ESQUIRE
Florida Bar No. 13943
MICHAEL M. BROWNLEE, ESQUIRE
Florida Bar No 68332
Fisher, Rushmer, Werrenrath,
Dickson, Talley & Dunlap, P.A.
Post Office Box 712
Orlando, Florida 32802-0712
(407) 843-2111 - Telephone
(407) 422-1080 - Facsimile
Attorneys for Plaintiffs

L:\RWS\Hetherington\PLEADING\COMPLAINT